# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TOWANKA KING,

        Plaintiff,

    v.                                 Case No. 06-C-1181

DRUG ENFORCEMENT AGENCY,

        Defendant.

## DECISION AND ORDER

Plaintiff Towanka King is currently incarcerated at Racine Correctional Institution. She has filed a Motion To Return Illegal Seized Property and a motion to proceed without prepayment of fees, and has forwarded the initial partial filing fee assessed earlier. Because her affidavit establishes indigence, the motion will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

Plaintiff seeks the return of some $2,100 seized pursuant to an unlawful search of plaintiff's vehicle. Her motion alleges that officers of the Milwaukee Police Department illegally searched her sport utility vehicle and seized the $2,100 which was found inside the vehicle. Later that day, police also searched plaintiff's apartment and seized an additional $6,880 in United States currency.

The total amount seized, $8980, was thereafter transferred to the United States Drug Enforcement Administration (DEA) for federal forfeiture, pursuant to 18 U.S.C. § 983, and adopted into the federal forfeiture system on June 13, 2003. A Declaration of Forfeiture was issued by the DEA against the $9,890 in United States currency on December 31, 2003. (Mot., Ex. B.) However, on July 28, 2003, a Milwaukee County circuit judge ruled that the search of the vehicle was illegal and granted a motion to suppress all evidence from the vehicle. Based on the state court's ruling that the seizure of the $2,100 was unlawful, plaintiff claims she is entitled to its return.

I construe plaintiff's motion as a civil action to set aside a forfeiture. *Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004). The exclusive remedy for seeking to set aside a declaration of forfeiture is set forth in 18 U.S.C. § 983(e). 18 U.S.C. § 983(e)(5). That subsection states:

(e) **Motion to set aside forfeiture.**--

(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

Plaintiff does not allege that she did not receive proper notice of the forfeiture proceedings or that she didn't have enough time to file a timely claim. Her motion is based solely on the claim that the seizure of the money was unlawful. *See One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 702, (1965) (holding Fourth Amendment exclusionary rule applies in civil forfeiture cases); *U.S. v. $191,910,000 in U.S. Currency*, 16 F.3d 1051 (9th Cir. 1994). In order to assert such

2

a defense, however, she must first have the declaration of forfeiture set aside. Although the facts alleged are insufficient to warrant that relief, I conclude that she has given sufficient notice of her claim and, thus, should be allowed to proceed. *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006).

**IT IS THEREFORE ORDERED** that the motion to proceed *in forma pauperis* is **GRANTED**. A copy of plaintiff's motion and this order shall be served upon the United States by delivering a copy to the United States Attorney for the Eastern District of Wisconsin and sending a copy by registered or certified mail to the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1). The United States Attorney shall file a response to plaintiff's motion within 60 days after service thereof. Fed. R. Civ. P. 12(3)(A).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

Plaintiff is hereby notified that, from now on, she is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

3

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   14th   day of December, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4